STATE OF WEST VIRGINIA

*v.*

STEPHEN MICHAEL SOWARDS

(No. 14528)

Decided July 29, 1981.

*Charles W. Covert* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Thomas N. Trent,* Assistant Attorney General, for defendant in error.

PER CURIAM:

In this appeal the appellant, Stephen Michael Sowards, seeks reversal of a final judgment of the Circuit Court of Putnam County entered on June 16, 1978, sentencing him to thirty years imprisonment upon a jury verdict finding him guilty of armed robbery. Appellant contests the

admissibility of his written confession on the basis that he was denied his right to counsel. Finding merit to appellant's contention, we reverse.

In the early morning hours of December 9, 1977, the appellant was arrested and charged with public intoxication. At some point the appellant became a primary suspect in an armed robbery which had occurred three days prior to his arrest on the public intoxication charge. The appellant was questioned and denied involvement in the armed robbery. By the next day, law enforcement authorities had obtained sufficient evidence linking the appellant to the armed robbery that they formally charged him with the offense. At about 12:20 p.m. the appellant was taken before a magistrate on the charge. There he signed a form acknowledging that he had been informed of the charge against him and indicating his desire to have an attorney appointed to represent him.

The appellant was then taken back to the county jail, given his rights as required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and interrogated. At about 4:30 a.m., he admitted participation in the crime.

After again being advised of his *Miranda* rights, he repeated the confession in the presence of certain deputies and the prosecuting attorney for the county. These statements were written down by a deputy and later signed by the appellant. No written waiver of his right to counsel was obtained.

After a hearing on the appellant's motion to suppress, the trial court ruled that appellant's initial oral confession was inadmissible but that his subsequent written confession was admissible. The trial court found that the appellant had requested counsel but nonetheless concluded that he had intelligently and knowingly waived his right to counsel prior to giving the written confession.

The narrow legal issue presented in this appeal is whether the appellant voluntarily, knowingly and intelligently waived his right to counsel before he gave the written confession on December 10, 1977.

We addressed this precise question recently and began our analysis by reaffirming the following rules:

> "When a criminal defendant requests counsel, it is the duty of those in whose custody he is, to secure counsel for the accused within a reasonable time. In the interim, no interrogation shall be conducted, under any guise or by any artifice. W.Va. Const. Art. 3, § 5 and W.Va. Const. Art. 3, § 14." *State v. Clawson,* 165 W.Va. 588, 270 S.E.2d 659, 666 (1980), *quoting,* Syl. pt. 1, *State v. Bradley,* 163 W.Va. 148, 255 S.E.2d 356 (1979).

> "Once a suspect in custody has expressed his clear, unequivocal desire to be represented by counsel, the police must deal with him as if he is thus represented. Thereafter, it is improper for the police to initiate any communication with the suspect other than through his legal representive, even for the limited purpose of seeking to persuade him to reconsider his decison on the presence of counsel." Syl. pt. 1, *State v. Clawson,* 165 W.Va. 588, 270 S.E.2d 659 (1980), *quoting,* Syl. pt. 1, *State v. McNeal,* 162 W.Va. 550, 251 S.E.2d 484 (1978).

In *Clawson* we recognized an important distinction between a criminal defendant's initial waiver of *Miranda* rights and the waiver of the right to counsel after counsel has been sought or requested. There, we said:

> "It is apparent that where the evidence is undisputed that the defendant sought or obtained his right to counsel and the State obtains a confession after this admitted fact, the State's burden to show a subsequent waiver in the face of the defendant's acknowledged assertion of his right becomes exceedingly heavy. This burden is much more onerous than in the case where the initial issue is whether, after receiving his *Miranda* warning, the defendant voluntarily and intelligently waived his right." *Id.,* 270 S.E.2d at 667.

In *State v. Bradley, supra,* as in the instance case, it is undisputed that the defendant requested counsel before his confession was taken. In *Bradley* and in *Clawson,* we concluded:

"If after requesting counsel an accused shall recant his request before a lawyer can reasonably be secure, the heavy burden of the government to prove waiver (*Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977), also, *Commonwealth v. Nathan,* 455 Pa. 470, 285 A.2d 175 (1971), is even heavier. It can best be borne by a written statement, signed by the defendant, affirming his relinquishment of his theretofore asserted constitutional rights. Only then can an interrogation proceed, absent counsel." 255 S.E.2d at 358; 270 S.E.2d 668.

We conclude that the State failed to meet the high standard of proof required to establish a waiver of the right to counsel once that right had been asserted. The appellant did not sign a written waiver of his right to counsel. It is undisputed that he did not establish contact with his family or friends from the time of his initial arrest on an unrelated charge until after his confession had been obtained. Counsel was not appointed to represent him until ten days after he requested counsel. Although the trial court made no factual findings on this point, the record does not support a finding that the appellant initiated the interrogation leading to his confession. The State did not meet its heavy burden of showing a knowing and intelligent waiver of the right of counsel, and the trial court erred in ruling to the contrary. At most, the evidence shows that the defendant confessed after the police initiated a custodial interrogation following the request for an attorney.

The recent decision by the United States Supreme Court in *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), based on the Fifth, Sixth, and Fourteenth Amendments, supports the conclusion we have reached based on the West Virginia Constitution. There the Court said: "We now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been

advised of his rights." *Id.* at 484, 101 S.Ct. at 1884, 68 L.Ed.2d at 386.

For the foregoing reasons the judgment of the Circuit Court of Putnam County will be reversed and the case remanded for a new trial.

*Reversed and remanded.*